IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Earline M. Farver, ) | |
| ) | C.A. No.: 8:10-cv-01518-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"), [ Doc. 18], filed on June 9, 2011, recommending that the decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claim for supplemental security income ("SSI") be reversed, pursuant to sentence four of 42 U.S.C. § 405 (g), and remanded to the Commissioner for administrative action consistent with the Magistrate Judge's recommendation. The Report sets forth the relevant facts and legal standards which this court incorporates herein without a recitation.

**PROCEDURAL BACKGROUND**

On June 23, 2006, Plaintiff applied for SSI, alleging disability beginning October 1, 2001. Her application for disability benefits was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on January 5, 2009, and issued a decision on February 19, 2009, finding Plaintiff was not entitled to disability benefits. Plaintiff submitted additional evidence to the Appeals Council, including a Medical Source Statement from Albert Ebert, M.D.,Plaintiff's treating psychiatrist at Beckman Mental Health Center in Greenwood, South

1

Carolina. In its Notice of Appeals Council Action, dated May 15, 2010, the Appeals Council denied Plaintiff's request for review. The Appeals Council noted that it considered the additional evidence, but concluded without an explanation that the information did not provide a basis for changing the ALJ's decision. Therefore, the ALJ's decision became the final decision of the Commissioner.

The Commissioner filed objections to the Report on June 27, 2011. [Doc. 21]. Plaintiff did not respond to those objections, and this matter is ripe for review.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local

Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Magistrate Judge determined that the additional information submitted by Plaintiff from his treating psychiatrist, Dr. Ebert, was new, material, and related to the time period on or before the date of the ALJ's decision, *see* [Doc. 18 at 17], and thus the Appeals Council upon consideration of the evidence was required to "give a reasoned explanation as to why the evidence would or would not provide a basis for changing the ALJ's decision." *Id.*

The parties agree that the primary issues before the court are whether the Appeals Council must consider any additional evidence alleged to be new and material and, if so, whether it must provide a sufficient explanation of its determination to change or support the ALJ's decision based on the additional evidence. Both parties agree that there is a split of authority among the district courts in this circuit regarding these issues. This court now, and previously[1], has followed the line

---

[1]*See Lewis v. Astrue*, C.A. No. 9:09-cv-03134-JMC [Docs. 26 and 34]

of decisions[2] by the district courts in this district requiring that the Appeals Council provide a sufficient explanation for its decision to change or support the ALJ's decision after considering additional relevant evidence. The court recognizes that these issues are being considered by the United States Court of Appeals for the Fourth Circuit in its review of *Myer v. Astrue*, C.A. No. 3:08-3828-JFA-JRM, 2010 WL 1257626 (D.S.C. Mar. 25, 2010), but stands by its prior decisions on these issues and the well-reasoned decisions of other judges within this district.

The Commissioner objects to the Magistrate Judge's Report arguing that the Magistrate Judge has improperly applied the standard of review and this court must base its decision on whether there is substantial evidence in the record to support the ALJ's decision. While the court agrees with this general principle of law, the court notes that this argument misses the point. In *Harmon v. Apfel,* 103 F. Supp. 2d 869 (D.S.C. 2000), the court held that "a reviewing court cannot discharge its statutory function of determining whether the findings of the Commissioner are supported by substantial evidence when the Appeals Council considered evidence that the ALJ did not have the opportunity to weigh, and rejected that new, additional evidence without specifying a reason for rejecting it or explicitly indicating the weight given to the evidence." *Id.* at 874. This court also finds that it is not able to appropriately review the ALJ's decision because the record does not include any findings by the Appeals Council as to the weight it gave the additional evidence or its rationale for denying

---

[2] *See, e.g., Belue v. Astrue*, C.A. No. 1:09-942-MBS, 2010 WL 3734714 (D.S.C. Sept. 20, 2010); *Roberts v. Astrue*, C.A. No. 0:09-1607-JFA-PJG, 2010 WL 2522995, at *5-6 (D.S.C. May 14, 2010); *Jackson v. Astrue*, C.A. No. 0:08-0579-CMC-PJG, 2009 WL 1181178 (D.S.C. May 1, 2009); *Suber v. Comm'r Soc. Sec. Admin*, 640 F. Supp. 2d 684, 688 (D.S.C. 2009); *Chapman v. Astrue*, C.A. No. 07-2868-TLW-TER, 2010 WL 419923 (D.S.C. Jan. 29, 2010); *Harmon v. Apfel*, 103 F. Supp. 2d 869 (D.S.C. 2000).

review of Plaintiff's claim for disability benefits, despite considering the additional evidence.

## CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. The court accepts the Report of the Magistrate Judge and incorporates it herein by reference. The Commissioner's objections are overruled. For the reasons set out above and in the Report, the Commissioner's final decision is reversed and remanded for further proceedings consistent with the Magistrate Judge's recommendations.

**IT IS SO ORDERED.**

s/J. Michelle Childs
United States District Judge

Greenville, South Carolina
September 13, 2011